**Daniel L. DuMONDE, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 2009–5089.

United States Court of Appeals, Federal Circuit.

Sept. 8, 2009.

Daniel L. DuMonde, Cullman, AL, pro se.

Lauren S. Moore, Department of Justice, Washington, DC, for Defendant–Appellee.

Before MAYER, CLEVENGER, and RADER, Circuit Judges.

ON MOTION

PER CURIAM.

*ORDER*

The United States moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Daniel L. DuMonde's appeal as premature. DuMonde responds. Separately, DuMonde moves for leave to proceed in forma pauperis.

DuMonde filed a complaint in the United States Court of Federal Claims alleging false imprisonment. On May 23, 2009, DuMonde filed a document which the Court of Federal Claims treated as a notice of appeal to this court.

The court's jurisdiction over appeals from decisions of the Court of Federal Claims is governed by 28 U.S.C. § 1295(a)(3). Section 1295(a)(3) provides that the court has jurisdiction over "an appeal from a *final* decision of the United States Court of Federal Claims" (emphasis added). "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945); *see also Ultra–Precision Mfg. Ltd. v. Ford Motor Co.,* 338 F.3d 1353, 1356–57 (Fed.Cir.2003) ("[a] district court's judgment is final where it 'ends the litigation on the merits and leaves nothing

for the court to do but execute the judgment.'" (citation omitted)).

The Court of Federal Claims had not entered or announced a judgment before DuMonde filed his appeal. Because the complaint was pending in the Court of Federal Claims, we must dismiss the appeal. The court notes that the Court of Federal Claims subsequently entered final judgment in this matter on July 8, 2009.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion to dismiss is granted.

(2) Each side shall bear its own costs.

(3) DuMonde's motion for leave to proceed in forma pauperis is denied as moot.